# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO, | No. 2:17-CV-0457-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| COLUSA COUNTY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 24, 2017, the court dismissed petitioner's petition and directed petitioner to file an amended petition within 30 days. Petitioner was warned that failure to file an amended petition may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of September 18, 2017, petitioner had not complied and the court directed petitioner to show cause why the action should be dismissed for lack of prosecution and failure to comply with court rules and orders. While petitioner filed a document captioned "Amended Petition" on September 26, 2017, that document is not in fact an amended petition. Rather, the filing appears to be a response to the court's September 18, 2017,

1

order.  Petitioner states:

> I've been struggling with understanding this paperwork and feel that this "shouldn't" be dismissed because of my education or the lack of help.  So I hope that by me filing this I could keep this case going with the understanding that it's "me" learning the process of this.  With that being said, please allow me to file and process this.

Petitioner has not, to date, file an amended petition or requested an extension of time to do so.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, as well as for failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the court finds that dismissal is an appropriate sanction for petitioner's failure to file an amended petition as directed.  See, e.g. Ferdik, 963 F.2d at 1260-61.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1         Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2018

                                      */s/ Craig M. Kellison*
                                 **CRAIG M. KELLISON**
                                 UNITED STATES MAGISTRATE JUDGE